## CUNNINGHAM v. CUNNINGHAM.

When a divorce has been granted on account of the misconduct of both parties, the wife cannot afterwards claim dower in the husband's lands under the R. S. 1843, s. 57, p. 604.

ERROR to the *Tippecanoe* Court of Common Pleas.

BLACKFORD, J.—This was a bill in chancery filed by *Nancy Cunningham* against *John Cunningham*, for dower in certain lands in *Tippecanoe* county.

The bill states, *inter alia*, that the complainant and the defendant had been formerly married; that, during the coverture, the defendant was seized in fee, or otherwise well entitled as an estate of inheritance, of various tracts of land (the lands are here described); that the complainant afterwards filed a bill in chancery against the defendant, her then husband, for a divorce, and obtained a decree by which said marriage was dissolved. The bill here sets out the record of said suit for a divorce. That record, after setting out the bill and answer in the suit (the evidence not being inserted), proceeds as follows: "And,

May Term,
1850.

CUNNINGHAM
v.
CUNNINGHAM.

on motion, the cause is set down for final hearing and decree upon bill, answers, and exhibits, and the testimony of witnesses; and the Court, after hearing the evidence of the parties aforesaid, and the arguments of counsel, and being sufficiently advised of and concerning the premises, do order, adjudge, and decree, that the marriage contract, entered into and existing between the said parties. be and the same is dissolved, set aside, and held for naught, to all intents and purposes, as though the same had never been solemnized. And it is further ordered, adjudged, and decreed, that the said defendant be, and he is hereby, enjoined and restrained from exercising any ownership or control over any of the personal property to which he was entitled by virtue of the said marriage, contract. And he is also enjoined and restrained from exercising any ownership or control over the tract of land in which the said complainant is entitled to dower by virtue of her former marriage. And it is further ordered, adjudged, and decreed, by the Court, that the said defendant pay to the said complainant the sum of 100 (dollars,) in sixty days from this date, as a compensation for that amount of property which came to the hands of the said defendant by virtue of the said marriage, and that execution be issued to collect the said sum of money as in other cases. And the Court being satisfied, by the evidence, that the said complainant and defendant are both guilty of malconduct towards each other, it is therefore ordered, adjudged, and decreed, that each party pay one half the costs accrued herein. And this divorce is not granted upon the misconduct of the said defendant alone, but upon the misconduct of both parties."

The present bill, after setting out said record, alleges that the complainant had, on, &c., more than thirty days before exhibiting the bill, demanded the dower of the defendant; but that he had refused to assign the same.

The bill was demurred to for want of equity, and for want of jurisdiction in the Court. The demurrer was sustained; and a decree for costs rendered against the complainant.

The complainant, to sustain this bill, relies on the following statutory provision: "Whenever a divorce shall be decreed on account of the misconduct of the husband, the wife shall be entitled to dower in his lands, in like manner as if he were dead." R. S. 1843, p. 604, s. 57.

It is very clear that the case made by the bill does not come within that statute. The decree expressly states that the divorce was not granted upon the misconduct of the defendant (that is, the husband) alone, but upon the misconduct of both parties.

The question of jurisdiction, we have not examined.

*Per Curiam.*—The decree is affirmed with costs.

*R. C. Gregory*, for the plaintiff.

*Z. Baird*, for the defendant.